United States District Court
Southern District of Texas
**ENTERED**
October 05, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL ACTION NO. 3:04-CR-05 |
| | § |
| NIKKI BELLE NETTLES | § |

## ORDER

Defendant Nikki Belle Nettles and her codefendant (and boyfriend at the time), Wade Lester Wiseman, robbed a bank in Texas City using a .22 caliber revolver. On June 22, 2004, Nettles pled guilty to one count of aiding and abetting an armed bank robbery and one count of aiding and abetting the use, carrying, and brandishing of a firearm during the commission of a crime of violence. *See* 18 U.S.C. §§ 2113(a), (d); 18 U.S.C. § 924(c)(1)(A)(ii). The Court sentenced her to 136 months in prison and a five-year term of supervised release (Dkt. 45-1). Nettles, acting *pro se*, has served her prison term and has now filed a motion seeking early termination of her term of supervised release (Dkt. 45). The Court **DENIES** the motion.

The district court may terminate a term of supervised release at any time after the defendant has served one year of that term "if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" *See* 18 U.S.C. § 3583(e)(1). Section 3583 directs a court considering early termination to take

into account a variety of considerations very similar to those assessed by the court when imposing the original sentence, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence. *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998); *see also* 18 U.S.C. § 3553(a)(1); (a)(2)(B); (a)(2)(C); (a)(2)(D); (a)(4); (a)(5); (a)(6); (a)(7) (listing factors). Section 3583 "confers broad discretion." *Jeanes*, 150 F.3d at 484.

Nettles requests early termination of her supervised release term based on her "successful[] fulfill[ment of] every requirement of supervised release" and her "stable employment throughout [her] probation [term]" (Dkt. 45 at p. 1). "Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *United States v. Jones*, Criminal Action V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) (collecting cases); *see also United States v. Smith*, No. 3:10-CR-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (collecting cases) ("[The defendant's] motion demonstrates only that he has complied with the terms of his probation and maintained employment."). Nettles's claims of compliance and steady employment, in other words, are not enough, particularly given the violent and threatening nature of her crime, which involved brandishing a pistol at civilians while robbing a bank.

Having considered Nettles's motion and the relevant factors, the Court finds that neither Nettles's conduct nor the interest of justice warrants early termination. The Court **DENIES** Nettles's motion for early termination of her supervised release (Dkt. 45).

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ____October 5____, 2016.

*[signature]*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE